**KASOWITZ BENSON TORRES LLP**
Jerold Oshinsky (SBN 250771)
  *joshinsky@kasowitz.com*
2029 Century Park East, Suite 2000
Los Angeles, CA 90067-3006
Telephone: (424) 288-7903
Facsimile: (310) 943-3579

Jason S. Takenouchi
  jtakenouchi@kasowitz.com
Kasowitz Benson Torres LLP
101 California Street, Suite 3000
San Francisco, California 94111
Telephone: (415) 655-4354
Facsimile: (415) 358-4408
**Lead-Counsel for Defendants,**
**OZY MEDIA, INC. and CARLOS WATSON**

**LOPEZ, BARK & SCHULZ LLP**
Harry J. Schulz, III (SBN 205625)
  *hschulz@lbslawyers.com*
Brian Z. Bark (SBN 217514)
  *bbark@lbslawyers.com*
James P. Miller (SBN 307189)
  *jmiller@lbslawyers.com*
300 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
Telephone:  (949) 383-9585
Facsimile:   (714) 242-1544
**Co-Counsel for Defendants,**
**OZY MEDIA. INC. and CARLOS WATSON**

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR BLUE SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff.<br><br>v.<br><br>OZY MEDIA, INC., SAMIR RAO, CARLOS WATSON, MARC LASRY, and LIFELINE LEGACY HOLDINGS, LLC,<br><br>Defendants. | Case No. 5:21-cv-08764-SVK<br><br>Hon. Susan van Kuelen<br>Courtroom 6, 4th Floor<br><br>Date:   March 8, 2022<br>Time:   10:00 a.m.<br><br>**DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S NOTICE OF MOTION AND MOTION TO DISMISS** |

1    **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

2    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3    PLEASE TAKE NOTICE that on Tuesday, March 8, 2022, at 10:00 a.m., or as soon

4    thereafter as may be heard by the honorable Susan van Keulen, in Courtroom 6 on the 4th

5    Floor of the San Jose Federal Courthouse, Defendants Ozy Media, Inc. and Carlos Watson

6    will and hereby respectfully do move the Court to dismiss the Complaint asserted by

7    Plaintiff Clear Blue Specialty Insurance Company with prejudice under Federal Rule of

8    Civil Procedure 12(b)(6).

9    Plaintiff's lawsuit seeks a declaration that the relevant policy of insurance between

10   Plaintiff and Defendants is rescinded and void in its entirety, and that Plaintiff owes

11   nothing to any Defendant despite their involvement in a lawsuit covered by the terms of

12   that policy.  However, that policy by its plain and unambiguous terms is non-cancellable

13   and non-rescindable except in very specific circumstances, none of which apply in this

14   case.  Plaintiff has waived the very rescission remedy which it now seeks.  As Plaintiff's

15   claims are contradicted by California law and the terms of the insurance policy referenced

16   by and incorporated into the Complaint, Rule 12(b)(6) dictates that Plaintiff's lawsuit

17   should be dismissed.

18   Defendants' Motion to Dismiss is based on this Notice of Motion and Memorandum

19   of Points and Authorities submitted herewith, Plaintiff's Complaint, and other such matters

20   that the Court may consider.

21   This Motion is made following the conference of counsel, pursuant to Civil Local

22   Rule 16-9, which took place on January 21, 2022.

23

24

25

26

27

28

1

### RELIEF SOUGHT

2

Defendants Ozy Media, Inc. and Carlos Watson seek an order dismissing the

3

entirety of Plaintiff's Complaint with prejudice and without leave to amend.

4

Respectfully submitted,

5

Dated:  January 31, 2022                    LOPEZ, BARK & SCHULZ LLP

6

7

8

By: _____

9

Harry J. Schulz, III
Brian Z. Bark

10

James P. Miller
Co-Counsel for Defendants, OZY

11

MEDIA, INC. and CARLOS WATSON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KASOWITZ BENSON TORRES LLP**
Jerold Oshinsky (SBN 250771)
  *joshinsky@kasowitz.com*
2029 Century Park East, Suite 2000
Los Angeles, CA 90067-3006
Telephone: (424) 288-7903
Facsimile: (310) 943-3579
**Lead-Counsel for Defendants,**
**OZY MEDIA, INC. and CARLOS WATSON**


**LOPEZ, BARK & SCHULZ LLP**
Harry J. Schulz, III (SBN 205625)
  *hschulz@lbslawyers.com*
Brian Z. Bark (SBN 217514)
  *bbark@lbslawyers.com*
James P. Miller (SBN 307189)
  *jmiller@lbslawyers.com*
300 Spectrum Center Drive, Suite 1550
Irvine, CA 92618
Telephone:  (949) 383-9585
Facsimile:   (714) 242-1544
**Co-Counsel for Defendants,**
**OZY MEDIA, INC. and CARLOS WATSON**

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR BLUE SPECIALTY INSURANCE COMPANY,<br><br>          Plaintiff.<br><br>     v.<br><br>OZY MEDIA, INC., SAMIR RAO, CARLOS WATSON, MARC LASRY, and LIFELINE LEGACY HOLDINGS, LLC,<br><br>          Defendants. | Case No. 5:21-cv-08764-SVK<br><br>Hon. Susan van Kuelen<br>Courtroom 6, 4th Floor<br><br>Date:    March 8, 2022<br>Time:    10:00 a.m.<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS** |

# TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT ........................................ 2

TABLE OF AUTHORITIES ................................................ 6

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 9

I.     INTRODUCTION................................................ 9

II.    BACKGROUND ................................................ 11

III.   ARGUMENT ................................................ 11

    A.    Legal Standard................................................ 11

    B.    Clear Blue Waived Its Right To Rescind The Policy................................................ 12

    C.    Clear Blue's Cancellation Is Ineffective Under The Terms Of The Policy................................................ 14

    D.    Clear Blue's Declaratory Relief Claims Also Fail. ................................................ 15

        1.    Clear Blue Has Failed To Allege With Particularity Facts Supporting The Declaratory Remedies Which It Seeks................................................. 16

        2.    Ozy Was Under No Duty To Disclose Information About Which Clear Blue Had Every Opportunity And Obligation To Inquire, But Did Not. ................................................ 18

    E.    The Policy Cannot Be Generally Rescinded. ................................................ 20

    F.    The Pleading Defects In Clear Blue's Complaint Cannot Be Cured. ................................................ 20

IV.    CONCLUSION ................................................ 21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................ 12

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................... 11, 12

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
    824 F.3d 1156 (9th Cir. 2016) ................................................................ 12

*Clough v. Compton-Delevan Irr. Dist.*,
    12 Cal. 2d 385 (1938) ............................................................................. 16

*Duarte v. Pac. Specialty Ins. Co.*,
    13 Cal. App. 5th 45 (2017) ..................................................................... 17

*DuBeck v. California Physicians' Serv.*,
    234 Cal. App. 4th 1254 (2015) ............................................................... 14

*Eclectic Properties East, LLC v. Marcus & Millichap Co.*,
    751 F.3d 990 (9th Cir. 2014) .................................................................. 12

*Encompass Ins. Co. v. Coast Nat'l Ins. Co.*,
    764 F.3d 981 (9th Cir. 2014) .................................................................. 12

*Flintkote Co. v. Gen. Acc. Assur. Co. of Canada*,
    480 F. Supp. 2d 1167 (N.D. Cal. 2007) ................................................. 15

*Grant v. Aerodraulics Co.*,
    91 Cal. App. 2d 68 (1949) ...................................................................... 13

*Holz Rubber Co. v. Am. Star Ins. Co.*,
    14 Cal. 3d 45 (1975) ............................................................................... 17

*Imperial Cas. & Indem. Co. v. Sogomonian*,
    198 Cal. App. 3d 169 (1988) .................................................................. 13

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ("Because the Supreme Court of California has
    held that nondisclosure is a claim for misrepresentation in a cause of action for
    fraud, it (as any other fraud claim) must be pleaded with particularity under
    Rule 9(b).") ............................................................................................. 18

*Kotlar v. Hartford Fire Ins. Co.*,
    83 Cal. App. 4th 1116 (2000) ................................................................. 14

*Lee v. Indus. Indem. Co.*,
   177 Cal. App. 3d 921 (1986).............................................................................. 15

*Mackey v. Bristol West Ins. Services of Calif., Inc.*,
   105 Cal. App. 4th 1247 (2003)........................................................................... 14

*Maier Brewing Co. v. Pac. Nat. Fire Ins. Co.*,
   218 Cal. App. 2d 869 (1963).............................................................................. 15

*Moore v. Kayport Package Express*,
   885 F.2d 531 (9th Cir.1989).............................................................................. 17

*Newman v. Firemen's Ins. Co.*,
   67 Cal. App. 2d 386 (1944)............................................................................... 19

*Pac. Nat'l Ins. Co. v. Webster*,
   174 Cal. App. 3d 779 (1985).............................................................................. 14

*Pierson v. John Hancock Mut. Life Ins. Co.*,
   262 Cal.App.2d 86 (1968).................................................................................. 14

*Preis v. Am. Indem. Co.*,
   220 Cal. App. 3d 752 (1990).............................................................................. 14

*Raulet v. Northwestern Nat'l Ins. Co.*,
   157 Cal. 213 (1910).......................................................................................... 19

*Russell v. Penniston*,
   55 Cal. App. 492 (1921).................................................................................... 13

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986)........................................................................... 21

*Seismic Reservoir 2020, Inc. v. Paulsson*,
   785 F.3d 330 (9th Cir. 2015)............................................................................. 12

*Semegen v. Weidner*,
   780 F.2d 727 (9th Cir. 1985)........................................................................ 18, 19

*Shroyer v. New Cingular Wireless Services, Inc.*,
   622 F.3d 1035 (9th Cir. 2010)........................................................................... 12

*Spott Elec. Co. v. Indus. Indem. Co.*,
   30 Cal. App. 3d 797 (1973)............................................................................... 14

*Stack v. Lobo*,
   903 F. Supp. 1361 (N.D. Cal. 1995) .................................................................. 18

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
   368 F.3d 1053 (9th Cir. 2004)........................................................................... 21

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ........................................................................ 12, 18

*Waller v. Truck Ins. Exch., Inc.,*
    11 Cal. 4th 1 (1995), *as modified on denial of reh'g* (1995) .................................. 13

*Wellenkamp v. Bank of Am.,*
    21 Cal. 3d 943 (1978) ........................................................................................ 16

*Zucco Partners, LLC v. Digimarc Corp.,*
    552 F.3d 981 (9th Cir. 2009) ............................................................................... 12

**Statutes**

Cal. Civ. Code § 19 ........................................................................................... 15, 19

Cal. Civ. Code § 1691 ............................................................................................ 13

Cal. Code Civ.Proc. § 1060 .................................................................................... 16

Cal. Ins. Code § 335 ........................................................................................ 10, 19

Cal. Ins. Code §§ 650, *et seq.* ............................................................................... 13

Cal. Ins. Code §§ 660, *et seq.* ............................................................................... 13

California Insurance Law ......................................................................................... 14

1       **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.      INTRODUCTION**

3           Plaintiff Clear Blue Specialty Insurance Company ("Clear Blue") brings this action

4   primarily for a declaration that the insurance contract between Plaintiff and Defendant Ozy

5   Media, Inc. ("Ozy") attached to the Complaint as Exhibit B (the "Policy") is rescinded or

6   otherwise void *ab intio*.[1]  In the alternative, Clear Blue seeks a declaration that it has no

7   duty to indemnify or reimburse defense costs to Defendants Ozy, Rao, Watson, and Lasry

8   incurred in the course of a governmental investigation and lawsuit that were initiated

9   during the Policy's coverage period.

10          Clear Blue's Complaint is riddled with defects.  It seeks rescission when it has

11  already waived such remedy.  It seeks cancellation although such option is contractually

12  limited and precluded in this instance.  It seeks declaratory relief based upon the purported

13  non-disclosure of a fact about which Clear Blue was obligated – but failed – to inquire on

14  the Policy application.  As set forth herein, these defects are permanent and incurable.

15          First, having elected to first pursue a pre-litigation cancellation of the Policy via its

16  October 6, 2021 "Notice Of Cancellation Of Insurance," Clear Blue has unequivocally

17  waived its right to seek the inconsistent remedy of rescission.  Clear Blue, which was fully

18  aware of the distinctions between such remedies as set forth in the Policy, cannot now

19  resurrect its waived rescission claim by filing litigation.

20          Second, Clear Blue cannot now pursue cancellation of the Policy, as it expressly

21  limited that remedy solely to circumstances where there has been a "non-payment of

22  premium."  Having admitted that Ozy paid the premiums on the Policy, Clear Blue has no

23  cancellation remedy.

24          Third, Clear Blue's alternate declaratory relief claims (which appear to be based

25  upon assertions of fraudulent misrepresentations and concealment in connection with the

26

27  ───────────────
        [1] Defendants Samir Rao, Carlos Watson, and Marc Lasry are beneficiaries of the
28  insurance policy by nature of their current or former employment at Ozy (collectively
    referred to as the "Ozy Defendants").

Policy's application) additionally fail due to their vague allegations which are insufficient to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b) and which do not adequately set forth facts to apprise the Ozy Defendants of an actual controversy between the parties.  Moreover, California law is plain that an insured's duty of disclosure normally only applies to information requested by the insurer.  Here, Clear Blue's requested remedies are all tied to its contention that Ozy failed to disclose a fact about which Clear Blue never even inquired on its application – despite Clear Blue's awareness and admission that such inquiry would have been material to the risks sought to be covered by the Policy.  It is fundamental California law that insurers are bound to know all facts "which are open to his inquiry equally with that of the other, and which may affect either the political or material perils contemplated." Cal. Ins. Code § 335.  Having failed to make any inquiries on what it admits were material topics, Clear Blue cannot be heard to argue that Ozy breached a duty to disclose.

Fourth, even if Clear Blue had not waived its right to seek rescission of the Policy (which it has), Clear Blue cannot generally seek rescission as to all Insureds.  The Policy is unambiguous – the knowledge of any Insured cannot be imputed to any other individual Insured, including for the purposes of the Policy application (which is incorporated into the Policy).  Because Clear Blue has not even alleged that individual Insureds such as Messrs. Watson and Lasry knew of the facts which were purportedly misrepresented or concealed in the Policy application, Clear Blue cannot void the Policy as to such Insureds.

Pursuant to Rule 12(b)(6), the Complaint should be dismissed with prejudice and without leave to amend.[2]

___

[2] To the extent Plaintiff wishes to interplead the limits of the Policy with the Court, the Ozy Defendants do not object.  In such instance, the Ozy Defendants would subsequently move the Court that such funds be disbursed to advance the Insureds' Defense Costs and indemnify the Insureds against any Loss which they have or will incur in connection with pending Claims, in accordance with the Policy's terms.

1    II.    **BACKGROUND**

2         The relevant Policy providing insurance to Ozy and its personnel was issued in the

3    summer of 2021 and effective as of August 25, 2021.  Complaint, ¶¶ 42-44 and Exhibit B.

4    On October 4, 2021, Ozy was sued by Defendant LifeLine Legacy Holdings, LLC

5    ("LifeLine") for acts covered by the Policy (the "*LifeLine* Litigation").  *Id.* at ¶¶ 45-49 and

6    Exhibit B.  Ozy was also served with subpoenas for documents by the Securities and

7    Exchange Commission, and to appear before the grand jury.  *Id.* at ¶ 48-49.  Ozy provided

8    Plaintiff with a notice of claims and associated documentation on October 20, 2021.  *Id.* at

9    ¶ 50.  Defendant Marc Lasry also sought coverage under the Agreement around that same

10   time.  *Id.* at ¶ 51.

11        However, and in contravention of the plain language of the Policy, Plaintiff issued a

12   Notice of Cancellation of the Policy on October 6, 2021.  Complaint at ¶ 52.  Plaintiff

13   thereafter filed this action seeking a declaration that the Policy is rescinded and voided in

14   its entirety, and that Plaintiff owes no Defendant any funds based on the Policy.

15   III.   **ARGUMENT**

16        A.    **Legal Standard**

17        Actions are subject to dismissal when they fail to state a claim upon which relief

18   can be granted.  Fed. R. Civ. P. 12(b)(6).  For purposes of Rule 12(b)(6), "claim" means a

19   set of facts that, if established, entitle the pleader to relief.  *Bell Atlantic Corp. v. Twombly*,

20   550 U.S. 544, 555 (2007).  A Rule 12(b)(6) dismissal is proper when the complaint either:

21   fails to allege a "cognizable legal theory" or fails to allege sufficient facts "to support a

22   cognizable legal theory."  *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156,

23   1159 (9th Cir. 2016); *see also Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335

24   (9th Cir. 2015) (Rule 12(b)(6) dismissal can be based on dispositive legal issue).

25        In addition, to survive a Rule 12(b)(6) motion to dismiss, the facts alleged must

26   state a "facially plausible" claim for relief.  *Shroyer v. New Cingular Wireless Services,*

27   *Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  In evaluating plausibility, Courts must first strip

28   away all conclusory allegations and statements of a complaint before considering whether

the remaining facts plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009). To establish a "plausible" claim, the complaint must contain "more than labels and conclusions" or "formulaic recitations of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). A claim must instead "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Plaintiff's fraud-based allegations supporting their requests for declaratory relief also must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

Dismissal with prejudice is appropriate where amendment of the complaint would be futile. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).

California's substantive insurance law governs diversity cases. *See Encompass Ins. Co. v. Coast Nat'l Ins. Co.*, 764 F.3d 981, 984 (9th Cir. 2014). Under California law, interpretation of an insurance policy and a determination of whether a policy provides coverage are usually questions of law to be decided by the Court. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995), *as modified on denial of reh'g* (1995).

**B.**   **Clear Blue Waived Its Right To Rescind The Policy.**

For insurers seeking to rescind an insurance policy, California prescribes a strict – yet uncomplicated – procedure which such insurers must follow. First, the insurer must "[g]ive notice of rescission to the party as to whom he rescinds." Cal. Civ. Code § 1691. Second, the insurer must "[r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the

1    other party do likewise, unless the latter is unable or positively refuses to do so."  *Id.*

2    Failure to comply with these statutory requirements precludes rescission.  *See, e.g., Russell*

3    *v. Penniston,* 55 Cal. App. 492, 495 (1921) (holding plaintiff was not entitled to rescission

4    where he failed to comply with the provisions of section 1691).

5        Clear Blue did not follow this statutory procedure.  Rather than notifying its

6    Insureds that it was ***rescinding*** the Policy, Clear Blue instead sent a "Notice of

7    ***Cancellation*** Of Insurance" to its Insureds, citing a purported "Material

8    Omission/Misrepresentation."  Complaint at ¶ 52.  But a "cancellation" of an insurance

9    policy is ***not*** the same thing as a "rescission."  *Compare* Cal. Ins. Code §§ 650, *et seq*.

10   (setting forth provisions applicable to "rescission" of insurance policy) *with* Cal. Ins. Code

11   §§ 660, *et seq*. (setting forth provisions applicable to "cancellation" of insurance policy);

12   *see also Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal. App. 3d 169, 182 (1988)

13   (noting that the Insurance Code contains a statutory scheme "which reflects a deliberate

14   distinction between 'rescission' and 'cancellation.'"); and *Grant v. Aerodraulics Co.*, 91

15   Cal. App. 2d 68, 73 (1949) ("The words 'terminate,' 'revoke' and '**cancel**,' as used in

16   [this] context... all have the same meaning, namely, the abrogation of so much of the

17   contract as might remain executory at the time notice is given, and **must be sharply**

18   **distinguished** from the word '**rescind**,' which... conveys a retroactive effect, meaning to

19   restore the parties to their former position.") (emphasis added).  Clear Blue was certainly

20   aware of the difference between "rescission" and "cancellation" when it chose to pursue

21   cancellation of the Policy; the Policy itself expressly contains provisions regarding

22   cancellation and rescission distinction.  *Compare* Complaint, Exhibit B, Section XVII

23   (entitled "Rescission") *with id.* at Section XIX (entitled "Cancellation).

24       Having elected a "cancellation" of the Policy, however, ***Clear Blue waived any***

25   ***right to seek "rescission" of the Policy***.  *See, e.g., DuBeck v. California Physicians' Serv.*,

26   234 Cal. App. 4th 1254, 1266 (2015) (holding that insurer's prior election to cancel an

27   insurance policy was "wholly inconsistent with the assertion of its known right to rescind,"

28   such that the insurer waived its right to rescind as a matter of law); *see also Pierson v.*

*John Hancock Mut. Life Ins. Co.,* 262 Cal.App.2d 86, 91 (1968) ("An insurance company will be deemed to waive any ground which would otherwise entitle it to rescind a policy or treat it as forfeited when, despite knowledge of the facts giving it the option, it impliedly recognizes the continuing effect of the policy"); *see also* Waiver of right to rescind, California Insurance Law Handbook § 37:52 (citing *DuBeck*).  Having chosen to cancel the policy, Clear Blue cannot now withdraw that waiver and elect to pursue the remedy of "rescission" over that of "cancellation."

      **C.**      <u>**Clear Blue's Cancellation Is Ineffective Under The Terms Of The Policy.**</u>

In California, "insurance contracts can generally be cancelled only pursuant to their terms or by mutual consent."  *Spott Elec. Co. v. Indus. Indem. Co.*, 30 Cal. App. 3d 797, 806 (1973).  Thus, the "parties to an insurance policy are free, subject to legislative restriction, to arrange the occasions, method, and means of cancellation by private agreement."  *Preis v. Am. Indem. Co.*, 220 Cal. App. 3d 752, 758 (1990).  However, when the parties to an insurance policy set forth limitations upon those occasions, methods and means of cancellation, "there must be strict compliance" with those terms.  *Pac. Nat'l Ins. Co. v. Webster*, 174 Cal. App. 3d 779, 782 (1985); *see also Mackey v. Bristol West Ins. Services of Calif., Inc.*, 105 Cal. App. 4th 1247, 1258 (2003) ("*If a cancellation is defective, the policy remains in effect even if the premiums are not paid.*") (emphasis in original; citation omitted); *see also Kotlar v. Hartford Fire Ins. Co.*, 83 Cal. App. 4th 1116, 1121 (2000) (same); *Lee v. Indus. Indem. Co.*, 177 Cal. App. 3d 921, 924 (1986) ("[S]trict compliance with the terms of contractual requirements for notice of cancellation is essential to effect a valid policy cancellation.").

Via its October 6, 2021 "Notice Of Cancellation Of Insurance," Clear Blue sought to cancel the Policy, for the stated reason of "Material Omission/ Misrepresentation."  The Policy, however, unequivocally precludes Clear Blue's attempted cancellation:

> ***We may cancel this Policy only for non-payment of premium.***
>
> In such case, We will mail or deliver written notice stating
>
> when, not less than twenty (20) days thereafter, the

cancellation shall be effective.  Cancellation shall not become

effective if You pay such premium in full during such twenty

(20) day period.  Any notice of cancellation will state the

effective date of cancellation.  The Policy Period will end on

that date.

Complaint, Exhibit B, Section XIX (emphasis added).

Clear Blue has not alleged that the Insureds failed to pay the premium on the Policy. To the contrary, Clear Blue acknowledges that the Policy's premium was actually paid by the Insureds.  Complaint at ¶ 52.  Consequently, pursuant to California law – and the clear and unambiguous terms of the Policy – Clear Blue's Notice of Cancellation does not allow it to avoid coverage under the Policy.[3]

### D.   Clear Blue's Declaratory Relief Claims Also Fail.

Aside from its (waived) rescission claim, Clear Blue asserts two additional declaratory relief claims – one that seeks a declaration that Clear Blue has no duty to reimburse defense costs to any of the Ozy Defendants, and another that seeks a declaration that Clear Blue has no duty to indemnify any of the Ozy Defendants.  In neither instance, however, does Clear Blue cite to any Policy provisions or facts establishing an actual controversy between the parties (other than a conclusory statement by Clear Blue that it has no duties under the Policy) or otherwise explain the legal basis which it contends supports any of its declaratory relief claims.  California law provides that, "a complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the parties under a written instrument

---

[3] Clear Blue's attempted cancellation of the Policy was a material breach of the Policy.  As such, Clear Blue should be estopped from seeking to enforce other terms inserted for its benefit, including Sections XIV and XVII.  *See, e.g., Maier Brewing Co. v. Pac. Nat. Fire Ins. Co.,* 218 Cal. App. 2d 869, 879 (1963) (holding an "insurer may not repudiate the policy, deny all liability, and at the same time be permitted to stand on a provision inserted in the policy for its benefit."); *see also Flintkote Co. v. Gen. Acc. Assur. Co. of Canada*, 480 F. Supp. 2d 1167, 1175–76 (N.D. Cal. 2007) (insurer that denied liability under policy was deemed to waive arguments regarding policy notice requirements).

or with respect to property and requests that the rights and duties of the parties be adjudged by the court." *Wellenkamp v. Bank of Am.*, 21 Cal. 3d 943, 947 (1978); Cal. Code Civ.Proc. § 1060).  Here, Clear Blue's vague and ambiguous pleading does not meet the requirements of either California or federal law.  *See, e.g.*, *Clough v. Compton-Delevan Irr. Dist.*, 12 Cal. 2d 385, 389 (1938) (sustaining demurrer on "vague demand for declaratory relief"); *see also* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.")

Given the vagueness of the declaratory relief claims, the Ozy Defendants are left to guess as to their basis.

To the extent that Clear Blue is contending that its duties to reimburse defense or indemnity costs are extinguished by rescission or cancellation, such contentions are either waived or improper, as discussed above.  To the extent that Clear Blue is claiming the "Personal Profit & Illegal Conduct" exclusion which it cites in its Complaint forms the basis for its declaratory relief claims, such exclusion first requires "a final non-appealable adjudication adverse to [the Insureds] in the underlying action."  The admitted pendency of the *LifeLine* Litigation and the governmental investigations without "final non-appealable adjudications" (*e.g.*, Complaint at ¶¶ 62, 65) should be taken as ***confirming*** Clear Blue's present coverage obligations, rather than permitting Clear Blue to escape.

To the extent that Clear Blue is seeking a declaration that its duties are excused due to some fraudulent misrepresentation or concealment by Ozy on the Embroker Application, Clear Blue's claims fail for the additional reasons stated below.

        1.     **Clear Blue Has Failed To Allege With Particularity Facts Supporting The Declaratory Remedies Which It Seeks.**

In its Complaint, Clear Blue summarily contends that "Ozy misrepresented certain material facts" in the Embroker Application, including the "Warranty: Prior Knowledge of Facts, Circumstances, or Situations" contained therein.  Complaint at ¶¶ 39, 55.  In particular, Clear Blue claims that:  "(a) Ozy misrepresented the prior year and current year

revenue; (b) Ozy misrepresented the timing and amount of fundraising and investment; (c)

Ozy misrepresented that it had not been the subject of any civil, criminal, or administrative

proceedings alleging violation of federal or state securities laws in the prior 3 years[4]; and

(d) Ozy misrepresented that it had no intention of filing for bankruptcy in the next year."

These conclusory allegations are not sufficient to meet the heightened pleading standards

of Fed. R. Civ. P. 9(b).

Rule 9(b) requires that averments of fraud or inequitable conduct be "stated with

particularity." Fed. R. Civ. P. 9(b).  Mere conclusory allegations of fraud – like those

asserted by Clear Blue – are insufficient.  *Moore v. Kayport Package Express,* 885 F.2d

531, 540 (9th Cir.1989).  "The plaintiff ***must include*** statements regarding the time, place,

and nature of the alleged fraudulent activities and ***must specifically identify*** what was

misrepresented or concealed so as to give the opposing party notice of the particular

conduct which is alleged to constitute the fraud." *Stack v. Lobo*, 903 F. Supp. 1361, 1367

(N.D. Cal. 1995) (emphasis added); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106

(9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when,

where, and how' of the misconduct charged.").  Merely making general conclusory

allegations of fraud, and then reciting a list of neutral facts, is not sufficient. *Semegen v.*

*Weidner,* 780 F.2d 727, 731 (9th Cir. 1985).

Despite this heightened pleading requirement, Clear Blue includes **no** allegation

regarding:  (a) how Ozy supposedly misrepresented its revenues; (b) how Ozy

misrepresented its fundraising and investment; (c) how Ozy supposedly misrepresented the

---

[4] Clear Blue appears to contend that mere governmental investigations and subpoenas are "proceedings."  Complaint at ¶ 55.  Such interpretation is contradicted by the Policy.  *See, e.g.,* Complaint, Exhibit B, Section II (defining "Claim" to include a "criminal proceeding commenced by the return of an indictment, information or similar pleading").  At best, Clear Blue's interpretation exposes an ambiguity in the Embroker Application and Policy, which must be interpreted against Clear Blue.  *See, e.g., Holz Rubber Co. v. Am. Star Ins. Co.*, 14 Cal. 3d 45, 59–60 (1975) ("If the insurer uses language which is uncertain any reasonable doubt will be resolved against it."); *see also Duarte v. Pac. Specialty Ins. Co.*, 13 Cal. App. 5th 45, 54 (2017) (explaining an "insurer cannot rely on answers given where the applicant-insured was *misled* by vague or ambiguous questions") (emphasis in original).

1  existence of any "proceedings" prior to Ozy's submission of the Embroker Application

2  that alleged securities law violations; or (d) that Ozy, in fact, intended to file for

3  bankruptcy in the following year (for the record, Ozy has not initiated bankruptcy

4  proceeding in the year and a half since the Embroker Application, and Clear Blue has not

5  alleged to the contrary).

6        Clear Blue further contends that "Ozy concealed certain material facts" that it

7  should have disclosed on the Embroker Application, including "information relating to the

8  deception and attempt to defraud investors by Rao's impersonation of a YouTube

9  executive and its failure to advise other potential investors of the deception and subsequent

10  governmental investigations." *Id*. at ¶ 56.  Again, these bald allegations (regarding matters

11  not inquired on in the Embroker Application) are insufficient to meet the requirements of

12  Rule 9(b).  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) ("Because the

13  Supreme Court of California has held that nondisclosure is a claim for misrepresentation in

14  a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity

15  under Rule 9(b).")  Clear Blue does not identify the existence of or timing of the

16  governmental investigations that Ozy supposedly failed to disclose in connection with the

17  Embroker Application.  Nor does Clear Blue provide any of the "who, what, when, where,

18  and how" of Ozy's supposed double omission of failing to disclose to Clear Blue the fact

19  that it failed to disclose purported deception to "other [unidentified] potential investors."

20  Rule 9(b) requires more than such a mere recitation of factual allegations.  *Semegen,* 780

21  F.2d at 731.

22                2.    **Ozy Was Under No Duty To Disclose Information About Which Clear**

23                      **Blue Had Every Opportunity And Obligation To Inquire, But Did Not.**

24        It has long been California law that the insured's duty of disclosure normally only

25  applies to information requested by the insurer.  *Raulet v. Northwestern Nat'l Ins. Co.,* 157

26  Cal. 213, 230 (1910) ("[D]isclosure is not necessary[ ] in the absence of inquiry.");

27  *Newman v. Firemen's Ins. Co.*, 67 Cal. App. 2d 386, 394 (1944) ("[F]acts which the

28  insurer knows, or which he is bound to know, and may therefore be presumed to know,

1   need not be disclosed.") (internal quotation marks omitted).  Insurers are bound to know all

2   facts "which are open to his inquiry equally with that of the other, and which may affect

3   either the political or material perils contemplated." Cal. Ins. Code § 335.  This statute

4   tracks another fundamental principle of California law:  "Every person who has actual

5   notice of circumstances sufficient to put a prudent person upon inquiry as to a particular

6   fact has constructive notice of the fact itself in all cases in which, by prosecuting such

7   inquiry, he or she might have learned that fact."  Cal. Civ. Code § 19.  In short, insurers are

8   held to know those matters which are material to the insurer's risk and about which the

9   insurer can ask questions on the application.  There is nothing unfair in holding an insurer

10  to perform its due diligence with respect to its own business.

11       Here, any "fact[s], circumstance[s], or Wrongful Acts" that "could give rise to a

12  Claim" under the Policy were certainly open to Clear Blue's inquiry.  Complaint, Exhibit

13  B, Sections IV (setting for Exclusions, including one for "Prior Notice") and IX (relating

14  to "Claim and Potential Claim Notices").  Clear Blue was bound to know this information,

15  which Clear Blue now belatedly asserts was "material to the risk insured by the Policy."

16  Complaint at ¶ 57.  However, Clear Blue **did not inquire** about such matters **anywhere** in

17  the Embroker Application, nor did Clear Blue extend its "Warranty: Prior Knowledge of

18  Facts, Circumstances, or Situations" beyond a mere representation by Ozy that the

19  "statements set forth [in the Application] and attached hereto are true."  Complaint, Exhibit

20  A, p. 7.  Having elected to substantially limit its inquiries in its Application, Clear Blue can

21  hardly be heard to complain that its warranty is correspondingly confined in scope.

22       In short, absent some sort of relevant question on the Embroker Application, Ozy

23  had no duty to disclose the telephone call during which Mr. Rao allegedly impersonated a

24  YouTube executive, especially since (to Ozy's knowledge) the call had not resulted in any

25  "civil, criminal or administrative proceeding alleging violation of any federal or state

26  securities laws" as of the date of either the Embroker Application or the Policy's inception.

27  Clear Blue offers no support for its assertions to the contrary.

28

### E.        The Policy Cannot Be Generally Rescinded.

Even if Clear Blue had properly sought to rescind coverage (which it did not), the Policy cannot be generally rescinded as Plaintiff desires.  Complaint at ¶ 59 ("Based on the above, Clear Blue desires a judicial determination that the Policy is rescinded, voided in full, or otherwise void *ab initio*.")  Clear Blue concedes – but fail to comply with – a requirement that rescission may only be had as to those Insureds who knew on the Policy's inception date the facts that were misrepresented in the Application.  *See* Complaint at pp. 10:11-11:4 and Ex. B. at XIV and XVII.  Per the Policy, the knowledge possessed by any Insured (including Ozy) or Team Member (*i.e.*, an executive or employee) can **never** be imputed to any other Team Member.  *See id.*  Clear Blue has made no allegation regarding either Messrs. Watson's or Lasry's knowledge (as of August 25, 2021) of facts which Clear Blue (now vaguely) argues were misrepresented in the Embroker Application.  Clear Blue has no right rescind the Policy contrary to its own terms.  For this reason also, Clear Blue's Complaint fails.

### F.        The Pleading Defects In Clear Blue's Complaint Cannot Be Cured.

As noted above, Clear Blue has waived any right which it may have had to rescind the Policy, and its Notice of Cancellation does not allow it to avoid coverage under the Policy (for which the premium was paid).  Moreover, Clear Blue's failure to include any questions on the Embroker Application regarding any "fact[s], circumstance[s], or Wrongful Acts" that "could give rise to a Claim" under the Policy precludes Clear Blue from prevailing on its argument that Ozy had an obligation to disclose Mr. Rao's purported telephone call deception in such application.

"A district court does not err in denying leave to amend where the amendment would be futile." *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (holding leave to amend need not be granted where the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency).  Clear Blue cannot allege facts which resurrect its

1    waived rescission claim, rewrite the Cancellation clause of its Policy, or otherwise

2    transport it back in time to expand the scope of the inquiries set forth in the Embroker

3    Application.  As such, the defects in Clear Blue's claims are incurable and any further

4    amendment would be futile.  Ozy thus respectfully requests the Court to dismiss Clear

5    Blue's claims with prejudice.

6    **IV.**    **CONCLUSION**

7         For the aforementioned reasons, Defendants Ozy and Carlos Watson respectfully

8    request that the Court grant their Motion to Dismiss Plaintiff's claims with prejudice and

9    without leave to amend.

10                              Respectfully submitted,

11    Dated:  January 31, 2022            LOPEZ, BARK & SCHULZ LLP

12

13

14                                By: _____

                                   Harry J. Schulz, III

15                                    Brian Z. Bark

                                   James P. Miller

16                                    Co-Counsel for Defendants, OZY

                                   MEDIA, INC. and CARLOS WATSON

17

18

19

20

21

22

23

24

25

26

27

28