UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR BLUE SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>OZY MEDIA, INC., SAMIR RAO, CARLOS WATSON, MARC LASRY, AND LIFELINE LEGACY HOLDINGS, LLC,<br><br>Defendants. | Case No: 5:21-cv-8764-EJD<br><br>**DECLARATION OF KEVIN J. O'BRIEN IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION AND STAY**<br><br>Hon. Edward J. Davila |

Pursuant to 28 U.S.C. § 1746, Kevin J. O'Brien declares under penalty of perjury:

1. I am a name partner in the New York City law firm Ford O'Brien Landy LLP, which represents Defendant Ozy Media, Inc. ("Ozy" or the "Company") in connection with certain litigation matters, including an ongoing criminal investigation by the United States Attorney's Office for the Eastern District of New York ("EDNY investigation"), a parallel investigation by the Securities and Exchange Commission ("SEC investigation"), and related civil litigation in this Court and in the Delaware Court of Chancery (together, the "Underlying Proceedings"). For clarity, our firm does not represent Ozy, or any other party, in this insurance case.

2. I make this declaration in support of the motion of Defendants and Counterclaim-Plaintiffs Ozy and its Chief Executive Officer Carlos Watson (together, the "Insureds" or "Defendants") for (1) a preliminary injunction directing Plaintiff and Counterclaim-Defendant Clear Blue Specialty Insurance Company ("Clear Blue") to comply with its obligations under an insurance policy it issued to advance Defendants' defense costs, including attorneys' fees, that have been and are being incurred in the Underlying Proceedings; and (2) an order staying all discovery pending the resolution of the Underlying Proceedings.

3. Defendants seek immediate relief from the Court because, absent an order directing Clear Blue to comply with its clear obligation to advance defense costs for Underlying Proceedings, the Insureds will suffer the immediate and irreparable injury of being unable adequately to fund their defense of the EDNY and SEC investigations and related civil litigation, potentially placing in jeopardy Ozy's viability as an ongoing business, as well as the livelihoods, and possibly even the liberty, of affiliated individuals who are entitled, under the Policy, to advancement of their defense costs.

4. The Insureds' need for advancement has recently become even more urgent. On July 1, 2022, the Delaware Chancery Court issued an order that will require Ozy to pay as much as $500,000 in defense costs incurred by its former officer Samir Rao, in addition to a substantial "fees on fees" award that could exceed $400,000, within the next few weeks. That payment—an advancement of covered defense costs to a former Ozy officer that Clear Blue is obligated to pay under the policy—will further drain the limited resources Ozy has to fund its other mounting legal and related expenses for the Underlying Proceedings.

## CLEAR BLUE'S LIABILITY INSURANCE POLICY

5. The Insureds are covered under a liability insurance policy (including a Directors and Officers Coverage Part), issued by Clear Blue to Ozy, for the policy period August 25, 2021 to August 25, 2022 ("the Policy"). On October 4, 2021, an investor filed a federal securities fraud lawsuit, in this Court against Ozy and its former Chief Operating Officer, Samir Rao. At around the same time, Ozy received SEC and EDNY subpoenas *duces tecum* relating to the same alleged incidents that were alleged in the Civil Action (collectively, the "Underlying Proceedings").

6. A few days later, Clear Blue sought to evade its obligation under the Policy to advance the Insureds' defense costs by issuing an improper Notice of Cancellation of the Policy, citing an alleged "material omission/misrepresentation in the application" for the Policy.

7. Confusingly, Clear Blue then filed this action, purporting to seek the very different remedy of rescission on the same grounds. Subsequently, the Insureds moved to dismiss this action. The Court is scheduled to hear oral argument on that motion on July 28,

2022.

8. Thus, Clear Blue, instead of assuming its obligations under the Policy to advance funds to aid its Insureds, has instead piled on by forcing them to defend a meritless lawsuit in which Clear Blue wrongly takes the side of those who have sued the Insureds.

9. The Policy, which provides an aggregate coverage limit of $3 million, has three principal Coverage Agreements, each of which is subject to a $1 million limit: Non-Indemnifiable Directors & Officers Liability ("Side A"); Indemnifiable Directors & Officers Liability ("Side B"); and Entity Liability ("Side C")). Sides B and C are the most immediately relevant here, as explained in the accompanying Memorandum of Points and Authorities.

10. In defending themselves in the Underlying Proceedings, the Insureds *already have incurred legal fees and other expenses well in excess of the limits for Sides B and C*, a sizable portion of which are unpaid as of this date. Future expenses, which are inevitable and could be significant in themselves, would aggravate what is already a severe burden on the Company, potentially leaving its defense attorneys' fees unpaid at critical stages of the Underlying Proceedings. Indeed, unless Clear Blue is immediately ordered to comply with its advancement obligation, there is no question that the Insureds' defense of the Underlying Proceedings will be seriously compromised.

THE BURDENS IMPOSED BY THE UNDERLYING PROCEEDINGS

11. The Company faces at least three significant Underlying Proceedings. First, spurred by negative publicity in September 2021 centering on the conduct of Mr. Rao, the SEC and then the EDNY have initiated investigations of the Company. The first SEC subpoena *duces tecum* was served on the Company in late September 2021, followed by an EDNY grand jury subpoena *duces tecum* shortly thereafter. (Both subpoenas have been filed under seal with the Court.) Subsequently, the SEC has served the Company with additional subpoenas for discrete books and records, most recently in June 2022. Mr. Watson also has received additional EDNY document subpoenas regarding his books and records. Both investigations are ongoing.

12. The government's document subpoenas have required Ozy to conduct extensive, and expensive, searches of electronic records stretching back to 2015. It has produced over

1  27,000 documents, consisting of more than 160,000 pages, and the productions are not yet
2  complete. The vendors Ozy retained to collect, process, and produce electronic records already
3  have submitted charges amounting to over $500,000. The legal fees incurred by the Defendants
4  in connection with the government's investigations are considerably higher, and additional fees
5  are continuing to accrue as the investigations proceed apace, even though defense counsel's
6  already outstanding fees have not been fully paid.

7  13. Second, the Company has had to defend itself against a lawsuit brought in this
8  Court by investor LifeLine Legacy Holdings, LLC ("LifeLine"), a Defendant in this action.
9  *LifeLine Legacy Holdings, LLC v. Ozy Media, Inc.*, No. 5:21-cv-07751-BLF (N.D. Cal.).
10 LifeLine's lawsuit was originally filed last fall on October 4, 2021. On June 13, 2022, after full
11 briefing and oral argument, the Company won dismissal of the lawsuit, with leave for LifeLine
12 to amend in part. On June 29, 2022, however, LifeLine filed an amended complaint—a 37-page,
13 133-paragraph pleading—and the Company must now incur the additional expense of another
14 round of research, briefing and oral argument to move to dismiss a lawsuit that it strongly
15 believes lacks any merit.

16 14. Third, Ozy has been involved in a dispute with Mr. Rao, the company's former
17 Chief Operating Officer who is the subject of many of the allegations raised in the LifeLine
18 action and elsewhere, concerning Mr. Rao's demand that Ozy advance his legal fees for the
19 defense of the Underlying Proceedings. Mr. Rao filed suit in the Delaware Court of Chancery,
20 *Rao v. Ozy Media, Inc.*, C.A. No. 2022-0264-KSJM (Del. Ch.). The Chancellor issued an order
21 on July 1, 2022, under which Ozy must pay as much as $500,000 in defense costs incurred by
22 Mr. Rao, plus a substantial "fees on fees" award that could exceed $400,000, in the next few
23 weeks. This obligation would be over and above the $300,000 the Company already has
24 advanced Mr. Rao, and it does not include any future Rao defense costs for which it might be
25 deemed responsible. The amounts Ozy has already advanced to Mr. Rao, and the additional
26 defense costs it has recently been ordered to pay, are covered under the Policy, and Clear Blue is
27 obligated to advance these amounts to Ozy.

28 15. The Company also is engaged in a dispute with a person who purports to be a

former outside director and seeks advancement of over $300,000 in legal fees in connection with responding to an SEC document subpoena. For the time being, this matter is being discussed informally.

## THE DIVERSION OF NECESSARY CAPITAL AWAY FROM THE COMPANY'S OPERATIONS

16. Ozy is a minority-owned media company, founded in 2012, that currently employs about 50 people. Unfortunately, legal and other expenses incurred in connection with the Underlying Proceedings have diverted necessary capital away from the Company's core operations. The Company is working diligently to rebuild itself, after the setbacks it experienced in 2021, and is experiencing success, but its legal and related fees are disproportionate for a small media company trying to regain its footing in a highly competitive environment.

17. The Underlying Proceedings have created exigent cash flow issues that are severely inhibiting the Company's ability to fund its operations (as well as to meet its obligations for legal and other services). Cash flow issues harm the Company's business prospects because they raise concerns among potential clients as to whether it will be able to honor multiyear agreements. Cash flow issues also potentially impair the Company's ability to recruit and retain the talented employees necessary in a media company. I am informed that Mr. Watson has been working without a salary for some months, and other key employees have been working at significantly reduced salaries.

18. In short, absent an immediate order directing Clear Blue to comply with its clear obligation to advance defense costs for the Underlying Proceedings, Ozy's ability to continue as a viable going concern will be significantly at risk.

## CONCLUSION

For all of the above reasons, as well as those cited in Defendants' other moving papers, Defendants' motion for (1) a preliminary injunction directing Clear Blue to live up to its contractual obligations and immediately advance Defendants' defense costs, and (2) an order staying all discovery pending the resolution of the Underlying Proceedings, should be granted.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 12, 2022, at New York, New York.

KEVIN J. O'BRIEN

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 12, 2022, at New York, New York.

_____
KEVIN J. O'BRIEN