UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR BLUE SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>OZY MEDIA, INC., et al.,<br><br>Defendants. | Case No.  5:21-cv-08764-EJD<br><br>**ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

Before the Court is Defendants Ozy Media, Inc. and Carlos Watson's Motion to Dismiss ("MTD") the Complaint. *See* Dkt. No. 24. The Court finds the motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons described below, the Court **DENIES** the motion to dismiss.

**I.    BACKGROUND**

The current dispute arises from an insurance policy issued by Plaintiff Clear Blue Specialty Insurance Company ("Clear Blue") and fraudulent actions allegedly taken by the corporate officers, Defendants Watson and Rao (collectively the "Officers"), of Defendant Ozy Media, Inc. ("Ozy") during a meeting with Goldman Sachs in 2021.

On August 5, 2021, Ozy submitted an application for insurance to Clear Blue's Managing General Agent, Embroker Insurance Services LLC ("Embroker"), seeking a Directors & Officers ("D&O") Employment Practices Liability, and Fiduciary Liability policy to replace their expiring policy issued by QBE Insurance. *See* Clear Blue Specialty Insurance Company's Complaint for

Case No.: 5:21-cv-08764-EJD
ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS

1

1  Recission, Declaratory Relief, and Interpleader ("Complaint"), Dkt. No. 1 ¶ 24. In support of its

2  application for insurance renewal, Ozy submitted a copy of the QBE insurance Renewal

3  Application (the "Application") dated August 3, 2021. *Id.* ¶ 25. It included a financial statement

4  containing current and total assets, current and total liabilities, revenue, net income, and cash flow

5  from operations. *Id.* ¶ 27. The Application requires that the applicant inform the insurer in

6  writing of any material changes in the answers to the questions in the application before the policy

7  inception date. *Id.* ¶ 28.

8        Clear Blue contends that Ozy also submitted a "Management Liability Application" to

9  Embroker acting as Clear Blue's insurance agency (the "Embroker Application"). *Id.* ¶ 31. Clear

10  Blue alleges that the 2020 total revenue and 2021 total revenue reported by Ozy materially

11  differed from the investment amounts actually raised those years. *Id.* ¶¶ 33-35. Furthermore,

12  Clear Blue alleges that Ozy answered "no" to application questions pertaining to whether Ozy or

13  any person within the company has been involved in state or federal anti-trust litigation, has filed

14  for bankruptcy (or anticipates initiating bankruptcy proceedings), or has been involved in any

15  civil, criminal, or administrative proceeding alleging violation of any federal or state securities

16  laws within the last three years. *Id.* ¶¶ 36-37. The Embroker Application provides that the policy

17  will be voided in the event of any material misrepresentation or omission in the application or the

18  submitted materials. *Id.* ¶ 39.

19        Clear Blue asserts that it issued a quote for D&O insurance coverage to Ozy based on

20  Ozy's responses in the Renewal and Embroker Applications. *Id.* ¶ 39. It contains a proviso that it

21  is subject to withdrawal or modification should Embroker or its representatives become aware of

22  any "new, corrected or updated information." *Id.* ¶ 41. Clear Blue subsequently issued a Policy

23  effective from August 25, 2021 until August 25, 2022. *Id.* ¶ 42. The Policy provides a $1 million

24  coverage limit for "A. Non-Indemnifiable Directors & Officers, Liability Coverage, B.

25  Indemnifiable Directors & Officers Coverage, C. Entity Liability Coverage, subject to a $25,000

26  per claim retention under Coverages B and C." *Id.* ¶ 44.

27  Case No.: 5:21-cv-08764-EJD
28  ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS

2

The Policy provides in part that Ozy "represent[s] and acknowledge[s] that the statements and information contained in the Application are true, accurate, and complete, and are the basis of this Policy and are to be considered incorporated into and constituting a part of this policy." *Id.* ¶ 43. It also gives Clear Blue the right to rescind the policy where "the Application contains misrepresentations or omissions that materially affect the acceptance of the risk or the hazard assumed by [the insurer]," in which case the "Policy shall be void ab initio and shall not afford coverage for any Insured who knew on the inception date of this Policy the facts that were not truthfully disclosed in the Application." *Id.*

A little over a month after Clear Blue issued the Policy, on October 4, 2021, Defendant LifeLine Legacy Holdings, LLC ("LifeLine") filed a complaint against Defendants Ozy and Samir Rao (Ozy's Chief Operating Officer) alleging violations of federal securities laws, violation of the California Corporations Code, and fraud by concealment arising from a stock purchase agreement between LifeLine and Ozy. *Id.* ¶¶ 18, 45-46. LifeLine alleges that at the time of entering into the investment agreement, Ozy and Rao were aware of an unlawful incident whereby Rao fraudulently impersonated an executive of YouTube in a phone meeting with Goldman Sachs.[1] *Id.* ¶ 46. The Complaint alleges that on February 2, 2021, Carlos Watson (Ozy's Chief Executive Officer) and Rao, who held himself out as a YouTube executive, had a conference call with representatives of Goldman Sachs. *Id.* ¶¶ 17-18.

During this meeting, Watson and Rao allegedly reported that Ozy has been successful on the YouTube platform in order to convince Goldman Sachs to financially invest in Ozy. *Id.* It is further alleged that Goldman Sachs discovered the ruse during the call and refused to proceed with its investment. *Id.* ¶ 46. Despite this incident, Ozy was able to obtain new investors such as LifeLine. *Id.* ¶ 21. Clear Blue believes that Ozy did not disclose its fraudulent meeting, or the resulting investigations into Ozy and its Officers, to its potential investors. *Id.* ¶ 22.

---

[1] On September 25, 2021, The New York Times published an article detailing the meeting. *See* Opp. at 7.

Case No.: 5:21-cv-08764-EJD
ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS

3

1    Around the same time as the initiation of the LifeLine litigation, Ozy and Rao were also
2 served with subpoenas for documents from the Securities and Exchange Commission ("SEC") as
3 well as subpoenas to appear before a federal grand jury in connection with their actions with
4 Goldman Sachs and potential investors. *Id.* ¶¶ 48-49; MPI at 1–2. Upon discovering this
5 information, Clear Blue sent Ozy a "Notice of Cancellation of the Policy" letter on October 6,
6 2021. Compl. ¶ 52. On October 7, 2021, attorneys for Defendant Marc Lasry (Ozy's former
7 Chairman of its Board of Directors) sought coverage under the Policy for his individual defense
8 costs incurred for his participation in the governmental investigations into Ozy. *Id.* ¶ 51. Shortly
9 after, on October 21, 2021, Ozy and Rao noticed Clear Blue with the claims asserted by LifeLine
10 and the investigative subpoenas. *Id.* ¶ 50. Ozy asserts that the acts involved in the LifeLine
11 litigation are covered by its insurance policy. MTD at 11.

12   Clear Blue initiated action on November 11, 2021. *See* Compl. Clear Blue seeks a
13 declaration that the insurance contract between Clear Blue and Ozy is rescinded or otherwise void
14 *ab initio* due to Ozy's material misrepresentations, or, in the alternative, Clear Blue seeks a
15 declaration that Clear Blue owes no duty to indemnify or to reimburse the legal defense costs to
16 Defendants' beneficiaries of the insurance policy. *Id.* at 22–23.

17   On January 31, 2022, Ozy filed a motion to dismiss. *See* MTD. Clear Blue opposes the
18 motion. *See* Plaintiff Clear Blue Specialty Insurance Company's Opposition to Ozy Media, Inc.
19 And Carlos Watson's Motion to Dismiss ("Opposition"), Dkt. No. 36. Shortly after, Defendant
20 Rao joined the motion to dismiss. *See* Defendant Samir Rao's Joinder in Motion to Dismiss, Dkt.
21 No. 32.

22   **II.   LEGAL STANDARD**

23   "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
24 claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)
25 (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must contain only enough facts to "state a claim
26 to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

27 Case No.: 5:21-cv-08764-EJD
28 ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS
4

1   However, it can be dismissed for failure to state a claim "when it fails to state a cognizable legal
2   theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v.*
3   *Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).  It must provide enough to "give
4   the defendant fair notice" of the claims and the underlying facts. *Erickson*, 551 U.S. at 93
5   (quotations and citations omitted).

6   In consideration of a motion to dismiss, a court must accept as true all well-pleaded factual
7   allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore,
8   a court must draw all reasonable inferences in the light most favorable to the non-moving party.
9   *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  The allegations must be
10  enough to raise a right to relief above the speculative level and must be enough to "raise a
11  reasonable expectation that discovery will reveal evidence" that supports the plaintiffs' claim.
12  *Twombly*, 550 U.S. at 556.  "Determining whether a complaint states a plausible claim for relief is
13  context specific, requiring the reviewing court to draw on its own experience and common sense."
14  *Iqbal*, 556 U.S. at 663–64.

### III.   DISCUSSION

Clear Blue alleges three causes of action seeking declaratory relief: (a) that the Policy is rescinded, voided in full, or otherwise void *ab initio*; (2) that Clear Blue has no duty to reimburse the defense costs of Ozy, Rao, Watson, or Lasry; and, alternatively, (3) that Clear Blue has no duty to indemnify Ozy, Rao, Watson, or Lasry.  *See* Compl. at 20–21.  Clear Blue also asserts a fourth cause of action for interpleader against all Defendants pursuant to Federal Rules of Civil Procedure ("FRCP") 22 and U.S.C. § 1335.  *Id.* ¶¶ 66-71.

#### A. Waiver of Right to Rescind and/or Election of Cancellation

Ozy asserts that Clear Blue's recission is improper for two reasons: (1) Clear Blue waived its right to rescind the Policy when it provided notice of cancellation rather than notice of recission, and such notice failed to comply with California law; and (2) Clear Blue is precluded from cancelling the Policy because the Policy only provides for cancellation upon non-payment by

Case No.: 5:21-cv-08764-EJD
ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS
5

1   the insured, which is not the case here. MTD at 13. For these reasons, Ozy contends that Clear
2   Blue ineffectively cancelled the Policy and therefore Clear Blue cannot seek declaratory relief that
3   the Policy was rescinded. *Id.* at 12.

4   Turning to Ozy's first assertion, California law sets forth requirements for contracting
5   parties or insurers seeking to rescind a contract or insurance policy. Under the statute, a party
6   rescinding a contract must give notice of rescission. Cal. Civ. Code § 1691(a). Ozy contends that
7   Clear Blue did not properly provide notice because Clear Blue sent a letter titled "Notice of
8   Cancellation of Insurance" to its insureds, and cancellation is distinct from rescission. MTD at 13.
9   Ozy argues that Clear Blue was aware of this distinction since Clear Blue's own Policy provisions
10  treat cancellation and recission differently. *Id.*; *see* Dkt. No. 1-2, Section XVII ("Rescission") and
11  Section XIX ("Cancellation").

12  Clear Blue asserts that issuance of a letter entitled "Notice of Cancellation of Insurance" is
13  not fatal to the rescission of the Policy because the document otherwise meets all the substantive
14  requirements of rescission. Opp. at 9. The letter notifies Ozy of the material misrepresentations
15  and omissions in their application, pursuant to Cal. Civ. Code § 1691(a), and Clear Blue
16  immediately returned the entire paid premium, thereby restoring Ozy to its former position before
17  the insurance contract in accordance with Cal. Civ. Code § 1691(b). Opp. at 9–10.

18  Clear Blue contends that even if the title of the letter caused some initial confusion
19  concerning its intent to rescind, Clear Blue initiated action for declaratory relief only one month
20  later, resolving any doubt of its intent to void or rescind the Policy. *Id.* at 12. Clear Blue directs
21  the Court to § 1691, which states "[w]hen notice of recission has not otherwise been given… the
22  service of a pleading in an action or proceeding that seeks relief based on recission shall be
23  deemed to be such notice." Cal. Civ. Code § 1691. Even if the letter notifying Ozy of the
24  Policy's recission did not provide sufficient notice, Clear Blue asserts that, pursuant to § 1691, the
25  subsequent initiation of this action effectively informed Ozy of its intent to rescind.

26  Second, Ozy asserts that Clear Blue cannot cancel the Policy for material omission or

Case No.: 5:21-cv-08764-EJD
ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS
6

1    misrepresentation as alleged because the Policy does not allow for cancellation based on these
2    reasons. *Id.* at 14.  Section XIX of the Policy provides that Clear Blue "may cancel this Policy
3    only for non-payment of premium." *Id.* at 14–15; Dkt. No. 1-2 at 26.  However, Clear Blue points
4    out that it never attempted to cancel the Policy and it makes no reference to cancellation of the
5    Policy in the Complaint (aside from the title of the notice including the word "cancellation").
6    Opp. at 13.  Section XVII of the Policy gives Clear Blue the right to rescind the contract for the
7    reasons identified under Section XIV, which includes "misrepresentations or omission that
8    materially affect the acceptance of the risk or the hazard assumed by [Clear Blue]."[2]  Dkt. No. 1-2
9    at 25–26.  Pursuant to the language of the Policy, Clear Blue alleges that Ozy misrepresented
10   certain material facts in its Application and Clear Blue consequently rescinded the Policy, now
11   seeking judicial determination that such Policy was is rescinded, voided in full, or otherwise void
12   *ab initio*. *Id.* ¶¶ 54-59.

13   It is improper for the Court to decide whether Clear Blue rescinded the Policy or otherwise
14   elected to cancel the Policy on a motion to dismiss.  Insofar as Clear Blue has pled "factual
15   content that allows the court to draw the reasonable inference that the defendant is liable for the
16   misconduct alleged," the Court finds that Clear Blue states a plausible claim for declaratory relief
17   that the contract has been rescinded. *Iqbal*, 556 U.S. at 663.

### i. Actual Controversy

19   Next, Ozy contends that Clear Blue does not establish that an actual controversy exists
20   between the parties and therefore the Complaint does not meet the requirements under California

---

[2] In its briefs, Ozy argues that Section XVI only rescinds coverage against those individual insureds with *knowledge* of the facts not truthfully disclosed, and not *all* insureds.  MTD at 20 (emphasis added); Reply at 2.  Section XVI states that the Policy is void *ab initio* based on material misrepresentations or omissions and rescinds coverage for "any Insured who knew on the inception date of this Policy the facts that were not truthfully disclosed in the Application, whether or not the Insured knew the Application contained such misrepresentation or omission." Dkt. No. 1-2 at 25.  Based on this language, Ozy asserts that "Clear Blue can only rescind (if such right had not already been waived) as to Ozy and each insured person (including both past and present Team Members) that Clear Blue can demonstrate possessed the requisite knowledge of facts on the Policy's inception date of August 25, 2021." Reply at 6.  However, the Court cannot adjudicate the insureds' knowledge on a motion to dismiss.

Case No.:  5:21-cv-08764-EJD
ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS
7

or federal law. *Wellenkamp v. Bank of Am.*, 21 Cal. 3d 943, 947 (1978) (concluding that a complaint for declaratory relief must show "the existence of an actual controversy relating to the legal rights and duties of the parties under written instrument or with respect to property and requests that the rights and duties of the parties be adjudged by the court."); Cal. Civ. Proc. Code § 1060. Thus, Ozy contends that Clear Blue's declaratory relief claims necessarily fail. MTD at 15.

Clear Blue asserts that it does not need to meet the pleading requirements for declaratory relief under California law, only federal pleading standards. Opp. at 14 (citing to *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1164 (C.D. Cal. 2010)). FRCP 8(a) requires only that plaintiff provides a "short and plain statement of the claim showing that [plaintiff], and… a demand for judgment for the relief [plaintiff] seeks." Fed. R. Civ. P. 8(a). Clear Blue contends that it has shown an actual controversy exists over the parties' rights and duties under the Policy, that the parties have adverse legal interests, and that the dispute is of sufficient immediacy and reality, citing to *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). Opp. at 14.

The Complaint alleges that Defendants seek coverage for the legal proceedings outlined in the facts and that Clear Blue denies such coverage on the basis that the Policy has been rescinded, which Defendants' dispute. Compl. ¶¶ 45-53, 60-65. Clear Blue seeks declaratory relief based on this disputed coverage, clearly satisfying the requirement that an actual controversy exists.

### ii. Failure to Plead Facts with Particularity

Clear Blue's second and third causes of action seek declaratory relief that Clear Blue owes no obligation to reimburse the defense costs against the governmental investigations and the LifeLine litigation, nor does it have a duty to indemnify Defendants. Compl. ¶¶ 60-65. In sum, Ozy contends that Clear Blue fails to allege facts with particularity regarding the basis of its recission claim, but in either case Clear Blue's claim fails because (1) it is precluded by the language of the Policy (the Personal Profit and Illegal Conduct exclusion) and (2) it does not meet the heightened pleading standard of FRCP 9(b).

In its motion Ozy asserts that Clear Blue fails to allege particularized facts supporting its

Case No.: 5:21-cv-08764-EJD
ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS
8

requests for declaratory relief. MTD at 16. Ozy contends that the claims with respect to Clear Blue's duty to reimburse defense costs and indemnification are vague. *Id.* For example, Ozy argues that it is unclear if Clear Blue is alleging that these duties are extinguished because the policy was rescinded or otherwise void *ab initio*, or because of the exclusion titled "H. Personal Profit and Illegal Conduct" in Provision IV (excerpted in the facts of the Complaint), which applies to "any willful violation of any law, statute or regulation, or any deliberately fraudulent or criminal act, error, or omission committed by [the insured]." Dkt. No. 1-2 at 39. Ozy notes that this exclusion is not available here, however, because the Policy states that it only applies "if evidenced by a *final non-appealable adjudication* adverse to [the insured] in the underlying action." *Id.* (emphasis added). Ozy asserts that if Clear Blue's claim relies on this exclusion, it fails because there have not been any final, non-appealable adjudications in either the LifeLine litigation or in the government investigations that would permit Clear Blue to avoid its coverage obligations to Ozy and its Officers.

The Court disagrees and finds that Clear Blue has sufficiently alleged facts with particularity on which to base its claim. In Clear Blue's claim for declaratory relief seeking recission of the policy, it clearly articulates that Ozy misrepresented or omitted certain facts; that these facts "were material to the risk insured by the Policy;" that the "lack of full disclosure to potential and actual investors, and the ensuing governmental investigations, Clear Blue would have refused to issue the Policy" or it would have further inquired into these events and accordingly limited the risk covered by the Policy; and that, as a result, Clear Blue seeks a judicial determination that the Policy is rescinded, voided in full, or otherwise void *ab initio*. Compl. ¶¶ 55-59. This claim squarely addresses Section XVII of the Policy entitled "Recission," which directs the policyholder to Section XIV for the grounds on which the insurer may rescind, including "misrepresentations and omissions that materially affect the acceptance of the risk or the hazard assumed by [Clear Blue]." *Id.* at 10–11.

With respect to Ozy's second argument, Ozy contends that Clear Blue similarly fails to

Case No.: 5:21-cv-08764-EJD
ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS

9

allege particularized facts regarding Ozy's alleged omissions and misrepresentations. MTD at 16–17. In the Complaint Clear Blue alleges that "(a) Ozy misrepresented the prior year and current year revenue; (b) Ozy misrepresented the timing and the amount of fundraising and investment; (c) Ozy misrepresented that it had not been the subject of any civil, criminal, or administrative proceedings alleging violations of federal or state securities laws in the prior 3 years; and (d) Ozy misrepresented that it had no intention of filing for bankruptcy in the next year." *Id.*; Compl. ¶ 55. Ozy argues that because Clear Blue alleges fraud it falls under the heightened pleading standards of FRCP 9(b), which it does not satisfy. Accordingly, Ozy contends that Clear Blue must "identify the existence or timing of the governmental investigations that Ozy supposedly failed to disclose in connection with the Embroker Application." MTD at 18.

Clear Blue asserts, however, that these allegations fall under "concealment" rather than fraud, and that FRCP 9(b)'s heightened pleading standard does not apply in this context. Opp. at 15. It distinguishes the cases cited by Ozy as cases that all involve claims of securities fraud or consumer class action claims alleging deceptive business practices, rather than an insurance policy recission claim based on concealment. *Id.*; MTD at 17 (citing *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531 (9th Cir. 1989); *Stack v. Lobo*, 903 F. Supp. 1361 (N.D. Cal. 1995); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003); *Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985)).

In support, Clear Blue cites to *Ironshore* where the District Court for the Central District of California expressed doubt that Rule 9(b) applies in the context of recission of an insurance policy and refused to grant a motion to dismiss based on plaintiff's failure to plead fraudulent concealment with particularity. Opp. at 15; *Ironshore Specialty Ins. Co. v. Univ. of S. California*, No. 21-CV-01272-DDP, 2022 WL 195336, at *5 (C.D. Cal. Jan. 21, 2022) ("[D]istrict courts within this circuit have observed that a concealment claim can succeed without the same level of specificity required by a normal fraud claim." (quotations omitted)).[3]

---

[3] Clear Blue also cites to *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1018 (N.D. Cal. 2020),

Case No.: 5:21-cv-08764-EJD
ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS

10

1 The Court agrees. Thus, the Court need not consider whether Clear Blue satisfies FRCP

2 9(b). Accordingly, the Court finds that Clear Blue has pled with particularity its claim for a

3 declaration that the Policy has been rescinded.

### iii. Duty to Disclose

Finally, Ozy attacks the substance of Clear Blue's declaratory relief claims and contends that these claims also fail because Ozy does not have a duty to disclose the information in dispute and Clear Blue did not inquire about such matters.

Ozy asserts that California law does not require disclosure "in the absence of inquiry." MTD at 18 (quoting *Raulet v. Nw. Nat. Ins. Co. of Milwaukee*, 157 Cal. 213, 230 (1910)). Rather, Ozzy asserts that Clear Blue should have inquired into any facts, circumstances, or wrongful acts that may give rise to a claim, and it should not have relied on Ozy's "mere representation" that the statements in its Application were true. MTD at 19. Regarding the Goldman Sachs call where Rao allegedly impersonated a YouTube executive, Ozy contends that it had no duty to disclose this incident since, to Ozy's knowledge, it had not resulted in any civil, criminal, or administrative proceedings against it in violation of federal or state securities law. *Id.*

Clear Blue asserts that Ozy misstates California law. Section 330 of California's Insurance Code states that "neglect to communicate that which a party knows, and ought to communicate is concealment." Cal. Ins. Code § 330. Clear Blue cites to *Ironshore* where the court noted that an intentional or unintentional concealment entitles an insurer to rescind the insurance contract, concluding that, pursuant to Section 332, "a party to an insurance contract must communicate to the other, in good faith, all facts within its knowledge (1) which are material to the insurance contract, or (2) which it believes to be material to the insurance contract" and the party "must have

---

where the court considered a consumer class action claim. In the context of omission-based fraud, the court noted that "in line with other courts in this District and *Daniel*, [the court] conclude[s] that the plaintiffs do not, in a pure omission claim, have to plead alleged omissions with the specificity on which Apple insists." The court concluded that omissions claims "can succeed without the same level of specificity required by a normal fraud claim." *Id.* (citations and quotations omitted); *accord MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1096 (N.D. Cal. 2014).

Case No.: 5:21-cv-08764-EJD
ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS

11

no means of ascertaining such facts." *Ironshore Specialty Ins. Co.*, 2022 WL 195336, at *3. Moreover, the Ninth Circuit reasoned that an insurer would still be able to claim concealment where an insured "as a reasonable man, should have known that his assumed liability was material to the risk, or that he had concealed his assumption of liability for the purpose of obtaining insurance." *Atl. Mut. Ins. Co. v. Cooney*, 303 F.2d 253, 267–68 (9th Cir. 1962).

For these reasons, Clear Blue contends that it's inquiries into wrongdoing were sufficient, and Ozy did have a duty to disclose such material information that could give rise to liability. Opp. at 17. It further asserts that it rightfully relied on the truth of Ozy's representations. *Mitchell v. United Nat'l Ins. Co.*, 127 Cal. App. 4th 457, 477 (2005) ("[A]n insurer has the right to rely on the insured's answers to questions in the insurance application without verifying their accuracy."). Thus, Clear Blue claims that its claims for declaratory relief are sufficiently pled.

The Court agrees. On a 12(b)(6) Motion to Dismiss, the Court need not consider whether, or to what extent, Ozy concealed information in its Application for the Policy. Clear Blue sufficiently "state[s] a claim to relief that is plausible on its face" and has pled enough to rise "above the speculative level." *Twombly*, 550 U.S. at 544, 556.

### IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: September 7, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-08764-EJD
ORDER DENYING DEFENDANTS OZY MEDIA, INC. AND CARLOS WATSON'S MOTION TO DISMISS
12