UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR BLUE SPECIALTY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OZY MEDIA, INC., et al.,<br><br>　　　　Defendants. | Case No. 5:21-cv-08764-EJD<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND FOR INTERPLEADER**<br><br>Re: ECF No. 84 |

Pending before the Court is Plaintiff Clear Blue Specialty Insurance Company's ("Clear Blue") motion for leave to file an amended complaint to assert an action in the nature of interpleader. ECF No. 84. The Court finds this motion suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court **DENIES** Clear Blue's motion.

I.  **BACKGROUND**

On April 20, 2023, the Court granted in part and denied in part Defendant Ozy and Watson's request for preliminary injunction and stay of discovery, ordering Clear Blue Insurance to advance defense cost as to Defendant Watson pursuant to the Directors and Officers ("D&O") Policy and staying discovery. ECF No. 82. Shortly after the Order was entered, Watson's former defense counsel, Ford O'Brien Landy LLP ("Ford O'Brien") in New York, sent a "notice of charging lien" pursuant to N.Y. Judiciary Law § 475. ECF No. 84 at 8. The notice asserts a "charging lien on all claims for advancement" in this action "which lien attaches to the full amount of any advancement of insurance benefits ordered and paid." ECF No. 82-2.

After receiving Ford O'Brien's letter, Clear Blue identified "at least five law firms" that

Case No.: 5:21-cv-08764-EJD
ORDER DEN. MOT. FOR LEAVE TO FILE AM. COMPL. AND FOR INTERPLEADER
1

1 have represented Watson in the defense of Watson and Ozy Media's separate criminal proceedings

2 in New York (the "Underlying Proceedings"). ECF No. 84 at 10. Clear Blue contends that it does

3 not know if any of these firms have been paid for their services. *Id.*

4 On April 28, counsel for Ozy and Watson informed Clear Blue that Watson is retaining

5 new defense counsel in the New York criminal case. His new defense counsel submitted a flat fee

6 and expenses retainer due immediately. *See* ECF No.87-3. The email demanded that Clear Blue

7 advance "up to the full amount of the available 'Side A' coverage." *Id.* Clear Blue responded to

8 the demand by requesting further information and documentation regarding the fee request. ECF

9 No. 87-4. This request is the "normal defense cost advancement process" for Clear Blue. ECF

10 No. 84-5, Ex. D at 6-7.

11 On May 8, Clear Blue moved for leave to amend the complaint to assert an action in nature

12 of interpleader under the Federal Interpleader Act, 28 U.S.C. § 1335 and add all known claimants

13 as defendants. ECF No. 84. Clear Blue seeks an order (i) discharging it from any liabilities on

14 account of the claims made by the Defendants, (ii) requiring the Defendants or any other entity to

15 adjudicate any claim in this proceeding, and (iii) restraining each of the Defendants and any other

16 entity from prosecuting or instituting any action against Clear Blue. ECF No. 84-7, Ex. F.

17 Watson opposes the motion and argues that the flat fee retainer issue is now moot because

18 he has engaged other defense counsel who does not require an upfront flat fee payment. Clear

19 Blue nevertheless seeks leave to amend its complaint to assert a claim in the nature of interpleader

20 to protect itself from "multiple apparent claims" to the Policy proceeds. ECF No. 84 at 11. The

21 Court heard oral argument on June 9, 2023. Ford O'Brien appeared at the hearing as an interested

22 party with leave of the Court.

23 **II.     LEGAL STANDARD**

24 Pursuant to Rule 15, "[t]he Court should freely give leave [to amend pleadings] when

25 justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15's "policy of favoring amendments to

26 pleadings should be applied with 'extreme liberality.'" *DCD Programs, Ltd. v. Leighton*, 833

27 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

28 Case No.: 5:21-cv-08764-EJD
ORDER DEN. MOT. FOR LEAVE TO FILE AM. COMPL. AND FOR INTERPLEADER
2

1    A court should resolve a motion for leave to amend "with all inferences in favor of granting the

2    motion." *Griggs v. Pace Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (citations omitted).

3         Courts consider multiple factors and "may exercise its discretion to deny leave to amend

4    due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure

5    deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and]

6    futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir.

7    2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).  Prejudice to

8    the opposing party "carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d

9    1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under rule 15(a).").

## III.   DISCUSSION

There are two types of interpleader: actions arising under FRCP 22 and § 1335 statutory interpleader.[1]  *See* 28 U.S.C. § 1335; Fed. R. Civ. P. 22(a)(2).  Both Rule 22 and statutory interpleader allow a party to file a claim for interpleader if there is a possibility of exposure to double or multiple liability.  *Lee v. West Coast Life Ins. Co.*, 688 F3d 1004, 1009 (9th Cir. 2012).  Interpleader enables a person holding funds or property to which others are making conflicting claims to join those others and require them to litigate who is entitled to the funds or property.  *Id.*

"The purpose of interpleader is for the stakeholder to 'protect itself against the problems posed by multiple claimants to a single fund.'" *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (quoting *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999)).  "This includes protecting against the possibility of court-imposed liability to a second claimant where the stakeholder has already voluntarily paid a first claimant.  But it also includes limiting litigation expenses, which is not dependent on the merits of adverse claims, only their existence." *Mack*,

---

[1] The Court has jurisdiction over this matter because the minimal diversity prerequisite to interpleader is satisfied.  Statutory interpleader creates a special form of diversity jurisdiction, requiring only "minimal diversity" between claimants.  *Lee*, 688 F.3d at 1008 n.1.  Only "[t]wo or more adverse claimants, of diverse citizenship" need be present to satisfy subject matter jurisdiction.  28 U.S.C.A. § 1335.  Here, Defendant Watson resides in California and O'Brien and his firm reside and are located in New York.  The amount in controversy is the benefits payable, which has a $2 million limit in excess of the jurisdictional requirement.

Case No.:   5:21-cv-08764-EJD
ORDER DEN. MOT. FOR LEAVE TO FILE AM. COMPL. AND FOR INTERPLEADER
3

United States District Court
Northern District of California

1  619 F.3d at 1024 (citation omitted).

2  District courts consider the *Foman* factors in granting leave to amend, which includes: (1)
3  "undue delay," (2) bad faith or dilatory motive, (3) "repeated failure to cure deficiencies by
4  amendments previously allowed," (4) "undue prejudice to the opposing party," and (5) "futility of
5  the amendment." *Foman*, 371 U.S. at 182. "Absent prejudice, or a strong showing of any of the
6  remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to
7  amend." *Eminence Cap., LLC*, 316 F.3d at 1052 (emphasis in original).

8  The primary issue before the Court is whether it would be futile to permit leave to amend
9  to assert an action in the nature of interpleader. Futility "includes the inevitability of a claim's
10 defeat on summary judgment," *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir.
11 2004), and when the amendment does not adequately plead a cause of action and could not survive
12 dismissal, *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 537 (9th Cir. 1989). The Court
13 turns to whether the requirements of statutory interpleader are satisfied here such that amendment
14 would not be futile.

15 In the Ninth Circuit, an interpleader action has two stages. *Lee*, 688 F.3d at 1009. **First**,
16 "the district court decides whether the requirements for [a] rule or statutory interpleader action
17 have been met by determining if there is a single fund at issue and whether there are adverse
18 claimants to that fund." *Id.* (quotation marks and citations omitted). **Second**, "[i]f the district
19 court finds that the interpleader action has been properly brought the district court will then make
20 a determination of the respective rights of the claimants." *Id.* At the initial stage the question is
21 whether interpleader should be permitted while "[i]ssues relating to the merits of the action should
22 be deferred until the so-called "second stage" of interpleader." Wright, Miller & Kane, Fed. Prac.
23 & Proc. Civ. 3d § 1704 (1998).

24 Turning to the first stage, it does not appear that all the requirements of statutory
25 interpleader are satisfied. There are five requirements to determine whether interpleader is
26 appropriate in the first stage, including: (1) the existence of "stake" or res (i.e., a fund, property, or
27 disputed right); (2) the plaintiff-stakeholder must have control over the stake or fund interpleaded;
28 Case No.: 5:21-cv-08764-EJD
ORDER DEN. MOT. FOR LEAVE TO FILE AM. COMPL. AND FOR INTERPLEADER
4

(3) the stakeholder is free from blame in causing the controversy necessitating interpleader relief; (4) there are multiple claims made to the property or fund; (5) the claims are adverse (i.e. asserting interests in the same fund). *See Lee*, 688 F.3d at 1012.

Here, there is a "stake," or the benefits payable under the Policy, i.e., the defense costs under the D&O Policy. Second, the plaintiff-stakeholder Clear Blue, the insurer under the Policy, has control over these benefits. Third, Clear Blue is "free from blame." Here, however, the fourth requirement of interpleader—which requires that there be multiple claims to the stake that exposes the stakeholder to double or multiple liability—is not satisfied.

"A stakeholder need only have a real and reasonable fear that there may be *colorable* competing claims to the stake, meaning the stakeholder is required to demonstrate that the adverse claim has a minimal threshold level of substantiality." *Michelman*, 685 F.3d 887, 895 (9th Cir. 2012) (emphasis added) (quotation marks omitted). "Good faith" refers to the stakeholder's purpose in initiating interpleader—to protect itself against multiple claimants and avoid the expense of fending off adverse claims. *Id.* The interpleading party need not show that the purported claimants will prevail, only that there is a colorable interest. *Id.* at 894.

Here, Watson's former defense counsel, Ford O'Brien, asserts a charging lien pursuant to New York Judiciary Law § 475 because of unpaid legal fees. Section 475 "creates an equitable right and remedy cognizable in the federal courts." *Markakis v. the S.S. Mparmpa Christos*, 267 F.2d 926, 927 (2d Cir. 1959). It provides, in relevant part, that:

> [T]he attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order ***in his client's favor***, and the proceeds thereof in whatever hands they may come ...

N.Y. Judiciary Law § 475 (emphasis added).

The Second Circuit and district courts have concluded that attorneys who have "defended or protected their client's interest" and retained an "affirmative recovery" are entitled to a lien under Section 475 on property that their client retains. *Ins. Corp. of Hannover v. Latino Americana de Reaseguros, S.A.*, 868 F. Supp. 520, 527 (S.D.N.Y. 1994); *Petition of Rosenman & Colin*, 850 F.2d 57 (2d Cir. 1988). In addition, an attorney asserting a charging lien must have

appeared in the action "which creates or is the source of funds against which the lien is asserted." *Chevron Corp. v. Donziger*, No. 11-CV-0691, 2011 WL 2150450, at *3 (S.D.N.Y. May 31, 2011); *In re Air Crash as Belle Harbor, New York, on Nov. 12, 2001*, No. 02-CV-4758 (RWS), 2006 WL 3247675, at *2 (S.D.N.Y. Nov. 9, 2006); *Galvez v. Aspen Corp.*, 967 F. Supp. 2d 615, 624 (E.D.N.Y. 2013) ("a charging lien under § 475 is for the benefit of an 'attorney of record' only"). Ford O'Brien does not satisfy these prerequisites.

Here, Ford O'Brien asserts that the insurance proceeds recovered under the Preliminary Injunction Order in this action are the fruits of their labor because Ford O'Brien submitted declarations in support of Watson's motion briefing in this action.[2] The Court remains unpersuaded. Ford O'Brien admittedly is not Watson's attorney of record in this action. *See* ECF No. 51-1 ¶ 1. In fact, Watson contends that Ford O'Brien was never *his* defense counsel; Ford O'Brien represented Ozy Media in the Underlying Proceeding. ECF No. 97 at 4. The fact that Ford O'Brien "participated" in this action by submitting two declarations in support of Watson's preliminary injunction motion (*see* ECF Nos. 51-1, 67-1) is insufficient for a § 475 charging lien to attach. *See Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 451 (2d Cir. 1998); *see also.Hoganwillig, PLLC v. Hendel*, 126 A.D.3d 1311, 1312 (2015) ("The mere fact that Cohen may have acted as an advisor to respondent or her attorney of record, or served in an "of counsel" capacity, is not sufficient to create a charging lien.").

A Section 475 charging lien "only attaches when proceeds from an identifiable fund are

---

[2] At the hearing, Ford O'Brien argued that a § 475 charging lien attaches to the "cause of action." Ford O'Brien misconstrues § 475. Indeed, "an attorney is given a charging lien upon the recovery obtained upon his client's cause of action." *Markakis*, 267 F.2d at 927. However, this language does not relieve Ford O'Brien of satisfying the prerequisites of § 475. Ford O'Brien did not obtain any *recovery* in the underlying criminal proceedings. Therefore, Ford O'Brien must show that it is the attorney of record in *this* action or that Ford O'Brien obtained a *recovery or affirmative relief* (i.e. property or money) in the Underlying Proceedings in which it was the attorney of record–which it cannot. *Snitow v. Jackson*, 4 Misc. 2d 351, 352–53, 158 N.Y.S.2d 304, 306 (Sup. Ct. 1956) ("The general rule is that the successful defense of an action or proceeding by an attorney does not entitle him to a charging lien, that is, where there is no recovery or affirmative relief awarded to the defendant or respondent."); *see also Spinello v. Spinello*, 1972, 70 Misc.2d 521, 334 N.Y.S.2d 70. The mere fact that Ford O'Brien assisted with Watson's motion for preliminary injunction in this separate action for declaratory relief brought by the insurer does not constitute a "recovery" for the purposes of Watson's criminal proceeding.

Case No.: 5:21-cv-08764-EJD
ORDER DEN. MOT. FOR LEAVE TO FILE AM. COMPL. AND FOR INTERPLEADER
6

created by an attorney's own efforts in the action or proceeding" in which they are the attorney of record. Ford O'Brien has not shown that they qualify as attorneys of record in the instant action. *Air Crash*, 2006 WL 3247675, at *2. Thus, Ford O'Brien's charging lien does not attach to the insurance funds. Although interpleader is not dependent on the merits of adverse claims, only their existence," *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010), "[t]he adverse claim—whether actual or potential—must be at least colorable," *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 895 (9th Cir. 2012). Here, Clear Blue has failed to show that Ford O'Brien has a colorable adverse claim to the insurance proceeds in satisfaction of the statutory interpleader requirements for the foregoing reasons. *Cf. Morand-Doxzon v. Delaware N. Companies Sportservice, Inc.*, No. 20-CV-1258 DMS (BLM), 2021 WL 831263, at *4 (S.D. Cal. Mar. 4, 2021) ("Case law indicates that where there is a colorable claim, courts must grant leave to amend." (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987)).

Clear Blue likewise has not shown that Watson's other previous defense firms have colorable claims.[3] Clear Blue contends that there are other New York law firms that have represented Watson in the Underlying Proceedings. Clear Blue is unsure whether any of those firms have been paid for their legal services and, therefore, asserts that they may have an adverse claim to the insurance proceeds. Because the record is clear that no other law firms "have

---

[3] Indeed, "[b]efore a third party can recover under a contract, it must show that the contract was made for its direct benefit—that it is an intended beneficiary of the contract." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). Neither Clear Blue nor Ford O'Brien assert that any of Watson's former defense counsel could successfully assert that the law firms are the intended beneficiaries of Watson's D&O Policy. *See, e.g.*, *Mintz Fraade Law Firm, P.C. v. Federal Ins. Co.*, 193 A.D.3d 654, 654 (N.Y. App. Div. 2021) (affirming the motion court's finding that a law firm could not recover its legal fees under the insurance policy, which it was not a named party, because "Plaintiff [law firm] was merely an incidental beneficiary to its client's malpractice policy"); *In re Tri-Valley*, No. 12-12291, 2014 WL 6680354, at *3 (Bankr. D. Del. Nov. 25, 2014) (noting that, although the insurance policy provides for payment of incurred defense costs, the insurer's "direct legal obligation" is to the insured and not the insured's attorneys, who have no claim against the insurance company or the insurance proceeds); *Old Republic Ins. Co. v. Sidley & Austin*, 702 F. Supp. 207 (N.D. Ill. 1988) (holding that the law firm "was not an intended beneficiary [its client's] Old Republic policy"); *Continental Casualty Co. v. Marx*, 480 So.2d 177, 178–79 (Fla. App. 3d Dist. 1985) (finding that an attorney is not a third party or intended beneficiary of an insurance action and therefore cannot maintain an action upon it). In this situation, the firms' "sole recourse [] [is] against the insured, its client, and not its client's insurance provider." *Mintz Fraade*, 193 A.D.3d at 654.

Case No.: 5:21-cv-08764-EJD
ORDER DEN. MOT. FOR LEAVE TO FILE AM. COMPL. AND FOR INTERPLEADER
7

appeared for the client by participating in [] [the instant] legal proceeding on the client's behalf or by having his or her name affixed to the pleadings, motions, records, briefs, or other papers submitted in the matter," the Court can rule out any possibility of a Section 475 charging lien attaching. *Itar-Tass Russian News Agency*, 140 F.3d 442 at 450 (quoting *Cataldo v. Budget Rent A Car Corp.*, 226 A.D.2d at 574, 641 N.Y.S.2d 122 (1996) (quotations omitted)).

The Court recognizes that requests for leave to amend are generally granted. In consideration of the other *Foman* factors, the non-moving party here, Watson, would be prejudiced by permitting interpleader under these circumstances. The receipt of Watson's advancement of defense costs under his D&O Policy would be delayed by interpleader should the Court grant leave to amend, impacting his ability to pay defense counsel in the underlying criminal proceeding. *See Goldstein v. Weeks St., LLC*, No. 20-CV-6504-BLF, 2021 WL 3008312, at *10 (N.D. Cal. June 14, 2021) ("Where extensive and different litigation would be necessary if an amendment were authorized, by contrast, the Ninth Circuit suggests potential for prejudice.") (citing *Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973)), *aff'd sub nom. Kennedy v. First Nat'l Bank of N. California*, No. 21-16190, 2022 WL 4482452 (9th Cir. Sept. 27, 2022). In consideration of the foregoing, the Court finds that it would be both futile and prejudicial to permit amendment to assert an action in the nature interpleader.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** without prejudice Clear Blue's motion for leave to file an amended complaint to assert an action in the nature of interpleader.

**IT IS SO ORDERED.**

Dated: June 30, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-08764-EJD
ORDER DEN. MOT. FOR LEAVE TO FILE AM. COMPL. AND FOR INTERPLEADER
8